IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 11-30008 |
| | ) | |
| JIMMY T. WATSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Defendant's motion to suppress physical evidence and custodial statements. United States Magistrate Judge Byron G. Cudmore has entered a Report and Recommendation, wherein he recommends that the motion be denied. The Defendant has filed Objections to the Report and Recommendation, to which the Government has filed a Response. The Defendant has also filed a Supplemental Memorandum. In addition to each of these documents, the Court has carefully reviewed the transcript of the motion hearing before Judge Cudmore on March 31, 2011.

Judge Cudmore recommends finding that, based on the information provided by the confidential informant, the police officers had a reasonable articulable suspicion that illegal activity might be afoot and that a Terry[1] stop was appropriate.  Accordingly, Judge Cudmore recommends the denial of the motion to suppress the physical evidence (a .357 Taurus Firearm) and the Defendant's statement during the pat-down search that he possessed a gun.

Judge Cudmore further observes that even if the investigative stop was actually a full custodial arrest, as the Defendant initially argued, the officers did not violate the Defendant's rights because they had probable cause to arrest him for a traffic violation–walking on the roadway (through the intersection of 15th and Brown) when a sidewalk was available, in violation of 625 ILCS 5/11-1007.

The Defendant objects to the magistrate judge's Report and Recommendation.  Upon comparing the facts of this case to those of United States v. Ganser, 315 F.3d 839 (7th Cir. 2003), Judge Cudmore

---

[1] See Terry v. Ohio, 392 U.S. 1 (1968).

concludes that the facts and circumstances here provide a stronger basis for reasonable suspicion than those that were at issue in Ganser. The Defendant claims that the reliance on Ganser is misplaced.

The Defendant asserts that a case far more analogous to this one is Adams v. Williams, 407 U.S. 143 (1972). In Adams, a police officer was on patrol at 2:15 a.m. in a high-crime area of Bridgeport, Connecticut, when an individual known to the officer approached the patrol vehicle and informed him that someone seated in an area vehicle was carrying drugs and had a gun at his waist. See id. at 144-45. The officer called for assistance on his car radio and approached the vehicle to investigate the informant's report. See id. at 145. He tapped on the car window and asked the occupant to open the door. When the occupant rolled down the window, the officer reached into the car and removed a loaded revolver from the individual's waistband. Although the gun was not visible to the officer from outside the car, it was precisely where the informant said it would be. The occupant of the car was arrested. See id.

In Adams, the United States Supreme Court determined that the

officer acted justifiably in responding to the informant's tip, partly because the informant was known to the officer and had provided him with information in the past. See id. at 146. The Court observed the case was stronger than one involving an anonymous telephone tip. See id. The Court further stated that, because the informant came forward personally to provide information that was immediately verifiable at the scene, the informant may have been subject to arrest for making a false complaint had the tip proven to be incorrect. See id. at 146-47. For the foregoing reasons, the Supreme Court concluded that the informant's tip carried enough indicia of reliability to justify the officer's forcible stop. See id. at 147.

The Defendant claims that the information provided by the informant in this case was substantially different. He notes that the informant here was not on the scene where his demeanor could be observed. Rather, he reported his alleged observations by phone. There was no evidence as to when the informant allegedly observed a firearm, such that it could be immediately verifiable. The informant did not state precisely where the

firearm would be located on the Defendant's person, unlike the informant in Adams. Finally, the Defendant here states that there was no evidence that the investigation was in a high crime area and it did not occur in the early morning hours.

The Defendant acknowledges that the Supreme Court's opinion in Adams does not disclose whether the officer knew how the informant acquired this information. Similarly, the record here does not contain any evidence as to how the informant learned that the Defendant was armed. The Defendant contends that because the information provided by the informant here was conclusory, it was not enough to warrant a Terry stop.

According to the Defendant, only easily predictable information was provided by the informant–like Defendant's first name, race, the color of his jacket, and location–about which police verification means little. These are easily obtained facts and conditions existing at the time of the tip, and not future actions of third parties that are often difficult to predict. See Alabama v. White, 496 U.S. 325, 332 (1990) (noting that an anonymous tip should contain more than simply easily obtained facts such as a

5

condition existing at the time of the call–like a car being found at a particular location).  The Defendant alleges that virtually anyone could have predicted the presence and appearance of Jimmy Watson at 15th and Brown Street because that is where he was at the time.  The Defendant asserts that, if this limited amount of information is enough to justify a police search, then anyone simply seeking to harass another could easily lay the groundwork for an intrusive, embarrassing police search.  The Defendant claims that additional investigation was warranted before a forcible stop was authorized.  "[I]f a tip has a relatively low degree of reliability, more information will be required to establish the requisite quantum of suspicion than would be required if the tip were more reliable."  See White, 496 U.S. at 330.

The Defendant alleges that the information provided by the informant carried insufficient indicia of reliability to justify a forcible stop. Although Officer Williams testified that the confidential informant previously had provided information that led to the recovery of two illegally possessed weapons and to the arrest of two or three individuals who were

wanted on outstanding warrants, he could not recall the specifics of any of these cases. The Defendant claims that which was corroborated by police was insignificant. Therefore, the Defendant asserts a man of reasonable caution would not have believed that a <u>Terry</u> stop was appropriate until and unless the Defendant did something which might have indicated that he was hiding contraband. The mere presence at a particular street corner while obeying all laws is not suspicious behavior and should not be enough to corroborate the information provided by the informant.

 The Court concludes that the Defendant's Objections to the Report and Recommendation are without merit. The facts and circumstances provided the officers with reasonable suspicion to conduct the investigative stop. Although the confidential informant was not on the scene, he was not an anonymous tipster. The informant was known to Officer Williams as someone who had on previous occasions provided information which proved to be accurate. It is possible that adverse consequences may have resulted for the informant if he had provided false information. Moreover, the nature of the informant's tip–that a subject armed with a handgun

could then be found at 15th and Brown–suggested that the informant's observation of a firearm was contemporaneous or very recent. The fact that the informant did not report precisely where the firearm would be located does not seem overly significant, in light of the information he did provide which was corroborated by the officers. Given the nature of the information that was provided, it also does not seem particularly important that no evidence was presented that the Defendant was located in a high-crime area.

Based on the information known at the time, the Court concludes that the officers had reasonable suspicion to believe that criminal activity may be afoot, thus warranting an investigative detention. This decision is consistent with both <u>Adams</u> and <u>Ganser</u>.[2]

For the foregoing reasons, the Court will Overrule the Defendant's Objections to Judge Cudmore's Report and Recommendation and Deny the

---

[2]It is worth noting that unlike in this case, the confidential informant in <u>Ganser</u> was wrong about two key facts–the city from which the drugs were mailed and the date of delivery. <u>See</u> <u>Ganser</u>, 315 F.3d at 843. The court determined that because the majority of the information contained in the tip was corroborated, it was reasonable for police to conclude that the informant's allegation that the letter contained contraband was also true. <u>See</u> <u>id.</u>

Defendant's motion to suppress.[3]

Ergo, the Court hereby ADOPTS the magistrate judge's Report and Recommendation [d/e 12] and DENIES the Defendant's motion to suppress physical evidence (.357 Taurus Firearm) and his custodial statement [d/e 6].

ENTER: May 20, 2011

                    FOR THE COURT:

                                s/Richard Mills
                                United States District Judge

---

[3]There was also testimony from two of the officers that the Defendant committed a minor violation by walking in the roadway where a sidewalk was available, in violation of 625 ILCS 5/11-1007. Probable cause that an individual has committed even a minor offense such as this justifies a full custodial arrest. See United States v. Childs, 277 F.3d 947, 952-53 (7th Cir. 2002); see also People v. Taylor, 388 Ill. App.3d 169, 178 (2d Dist. 2009) .